**CIVIL COMPLAINT FORM TO BE USED BY A *PRO SE* PRISONER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| *Jeremy Martinhaar*　　08518509 | : |
| **Full Name of Plaintiff**　　**Inmate Number** | : |
|  | : 　Civil No. 1:23-CV-0041 |
| v. | : 　(to be filled in by the Clerk's Office) |
|  | : |
| ~~Kimberly~~ Tessica Sage, Tessica, Sage | : 　( X ) Demand for Jury Trial |
| **Name of Defendant 1** | : 　(___) No Jury Trial Demand |
|  | : |
| Julia, Fritt | : |
| **Name of Defendant 2** | : |
|  | : |
| T_____, Cottrell | : 　**FILED**
**SCRANTON** |
| **Name of Defendant 3** | : |
|  | : 　JAN 10 2023 |
| M_____, Kloee | : 　PER_____ A.M.O. |
| **Name of Defendant 4** | : 　DEPUTY CLERK |
|  | : |
| Greg_____, George | : |
| **Name of Defendant 5** | : |
| (Print the names of all defendants. If the names of all | : |
| defendants do not fit in this space, you may attach | : |
| additional pages. Do not include addresses in this | : |
| section). | : |

## I.　　NATURE OF COMPLAINT

Indicate below the federal legal basis for your claim, if known.

☒　Civil Rights Action under 42 U.S.C. § 1983 (state, county, or municipal defendants)

　Civil Rights Action under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388
(1971) (federal defendants)

___　Negligence Action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, against the
United States

Defendant No. 6
Bret , Brosious

~~Defendant No.7~~ Defendant No. 7
~~Theresa Moyer~~ Ms. Moyle

~~Defendant No.8~~ Defendant No. 8
~~Mrs. Chong~~ Ms. Chong

Defendant No. 9
K, Duncan

II.    **ADDRESSES AND INFORMATION**

A.    **PLAINTIFF**

Haar, Jeremy, M
Name (Last, First, MI)

08518509
Inmate Number

Federal Correctional Institution Schuylkill
Place of Confinement

P.O. Box 759
Address

Minersville, Schuylkill, Pennsylvania, 17954
City, County, State, Zip Code

Indicate whether you are a prisoner or other confined person as follows:

___    Pretrial detainee

___    Civilly committed detainee

___    Immigration detainee

___    Convicted and sentenced state prisoner

_✓_    Convicted and sentenced federal prisoner

B.    **DEFENDANT(S)**

Provide the information below for each defendant. Attach additional pages if needed.

Make sure that the defendant(s) listed below are identical to those contained in the caption.    If incorrect information is provided, it could result in the delay or prevention of service of the complaint.

Defendant 1:

Sage, Jessica
Name (Last, First)

Warden FCI Schuylkill
Current Job Title

PO Box 700
Current Work Address

Minersville, Schuylkill, Pennsylvania, 17954
City, County, State, Zip Code

Defendant 2:

Friff, Julio

Name (Last, First)

Assistant Warden FCI Schuylkill

Current Job Title

PO Box 700

Current Work Address

Minersville, Schuylkill, Pennsylvania, 17954

City, County, State, Zip Code


Defendant 3:

Cottrell, T

Name (Last, First)

Captain FCI Schuylkill

Current Job Title

PO Box 700

Current Work Address

Minersville, Schuylkill, Pennsylvania, 17954

City, County, State, Zip Code


Defendant 4:

Kloee, M

Name (Last, First)

SIS officer / investigator

Current Job Title

PO Box 700

Current Work Address

Minersville, Schuylkill, Pennsylvania, 17954

City, County, State, Zip Code


Defendant 5:

George, Greg

Name (Last, First)

Assistant Health Service Administrator FCI Schuylkill

Current Job Title

PO Box 700

Current Work Address

Minersville, Schuylkill, Pennsylvania, 17954

City, County, State, Zip Code

Defendant 6:
Brosious, Bret
Medical Clinical Director FCI Schuylkill / Health Service Administrator
PO Box 700
Minersville, Schuylkill, Pennsylvania, 17954

Defendant 9
Duncan, K
Assistant Food Service Administrator
PO Box 700
Minersville, Schuylkill, Pennsylvania, 17954

Defendant 7
Moyle, Ms.
Mailroom officer FCI Schuylkill
PO Box 700
Minersville, Schuylkill, Pennsylvania, 17954

Defendant 8
Chang, Mr.
Food Service Administrating FCI Schuylkill
PO Box 700
Minersville, Schuylkill, Pennsylvania, 17954

III.    STATEMENT OF FACTS

State only the facts of your claim below. Include all the facts you consider important. Attach additional pages if needed.

A.    Describe where and when the events giving rise to your claim(s) arose.

Federal Correctional Institution Schuylkill Minersville Pennsylvania

B.    On what date did the events giving rise to your claim(s) occur?

Beginning upon my arrival as an inmate at FCI Schuylkill on August 29, 2022 and is ongoing.

C.    What are the facts underlying your claim(s)? (For example: What happened to you? Who did what?)

1. On Sept August 29, 2022 I arrived at Federal Correctional Institution Schuylkill and immediately informed medical during intake of my need of a functional pain medication as my current medication did not work. I was told to submit a sick call and I would be seen by medical. On September 1st, 2022 I submitted an in-person sick call stating my need for a functional pain/migraine reliever to help with the severe constant pain and suffering I was experiencing, and I was told I'd be scheduled and seen within one week. On September 9 I went to medical to inquire if I'd been scheduled, and was told I wasn't scheduled so I submitted another sick call. Over a week later I still had not been seen or scheduled to be seen so I submitted sick calls through the computer as well as paper sick calls to insure they were received. Over the past several months I've submitted countless sick calls and was finally seen on November 15, 2022 but am still being refused a functional migraine and pain reliever despite their knowledge of my serious medical need. I made Warden Sage, assistant warden Friff, as well as other staff aware of my serious medical need and the lack of medical care I was getting to which they refused to do anything. Other staff included Mr. George and Mr. Brosious.

2. On October 17, 2022 I requested protective custody due to threats from several inmates and was in fear for my safety. I spoke to Leutenant R.F. Rompalo and informed him
(see attached)

of the situation and the fact that several inmates threatened me in both the chow hall as well as housing unit 3-A. I filled out the packet provided to me to the best of my abilities and was then told by SIS investigator Kloee that unless I told on other inmates including all the inmates who threatened me he was going to consider my threat "unverified" and therefore I would be denied protective custody and sent back to general population. I mentioned the fact that it is a common occurance where inmates in similar situations face threats from other inmates to which he agreed but said that the threats and any violence that may happen is well deserved. I was given an administrative detention order stating that I was pending SIS investigation, and was told that officer Kloee would interview me about the threats as part of the investigation. On November 3, 2022 I was ordered to return to general population despite having requested protective custody, and told the guard I could not go out due to the threats. I was then given a disciplinary report by SHU leutenant J. Barrett for refusing to go to general population. I asked him how they could order me back into population when I was told I was under investigation and I requested protective custody to which he told me that officer Kloee denied my request for protective custody and my investigation was complete despite never having been interviewed. I then received two more disciplinary reports on November 8, 2022 and November 16, 2022 and was given 90 days disciplinary segregation and told I need to stay in the SHU for a minimum of 6 months until I would be transfered all as a result of being denied protective custody by investigator Kloee.

3. On November 29, 2022 I spoke with my case manager Mr. Hoban about how long until my transfer would be submitted as my counselor Mr. Rakus told me it'd be submitted as soon as I saw and was sanctioned by the disciplinary hearing officer. He informed me that as a result of investigator Kloee refusing me protective custody and considering me unverified that he could/would not put in my transfer for six months as Warden Sage would not approve it until I'd be in the SHU six months. I informed him I was only given 90 days disciplinary segregation and that was so they would have ample time to prepare and submit my transfer. I asked him what specific Bureau of Prison policy states the need to wait 6 months so I could appeal it to which he informed me it is not a Bureau of Prisons implemented policy and therefore there is no way to appeal it. I spoke to Warden Sage and she said the same thing as well.

4. On or about October 18, 2022 while housed at FCI Schuylkill in the SHU I was informed I received several book in the mail from Amazon and Thriftbooks that were ordered by my family by the officer on duty. He then informed me that I was not permitted to have or receive them as the captain and warden do not allow inmates housed in the SHU to receive books or magazines. I informed him that it is my right to get books and magazines especially since we could in population

to which his response was to ask the warden. I spoke to both Warden Sage and Assistant Warden Friff on October 21, 2022 about the fact Bureau of Prison policy states inmates in SHU are still permitted to receive books and magazines in the mail and that it is also protected under the Constitution, despite these facts they refused to change the policy. I spoke to my correctional counselor about the book issue as well as how we got visits in the SHU as my family wanted to see me, to which he told me that visits are not permitted for SHU inmates. I informed him that the inmate handbook I was provided and signed for upon my arrival at FCI Schuylkill clearly stated that SHU inmates are given the opportunity to have visits via conference. He informed me that Warden Sage and Captain Cottrell changed that rule and no longer allowed them. I then spoke to both Warden Sage and Captain Cottrell who both told me visits are no longer permitted for inmates held in SHU.

5. On November 4, 2022 I submitted a BP-9 to the warden. I handed it to my correctional counselor B. Rakus at approximately 11:20 A.M. from cell 122 Range Z-02. I also submitted one on November 18, 2022 at approximately 6 p.m. from cell 123 range Z-02 and on November 25, 2022 at approximately 1 p.m. from cell 123 range Z-02. All 3 BP-9 forms were handed to B. Rakus. Warden Sage has 20 calendar days to respond to a BP-9 and ensure an inmates right to due process, however Warden Sage failed to answer any of my BP-9s in the allowed timeframe.

6. The totality of the living and confinement conditions of the SHU at FCI Schuylkill expose inmates to cruel and punitive treatment. On almost a daily basis inmates are given cold temperature food with no way to warm it up and on several occasions I as well as other inmates have found insects in our food. For close to one month inmates were forced to live in freezing cold cells due to administration refusing to turn on the heat despite several requests. I have never been provided an adequate mattress with pillow despite several requests, as I've been told to deal with it and that they have no other mats. Inmates have no form of drinking cup as none have been provided nor are available for purchase through commissary, and when I requested one so I could drink water and hydrate I was told to use my hand. I have been unable to maintain a proper standard of personal grooming as inmates are refused combs, conditioner, hair product, as well as haircuts. Despite several requests I've been refused the opportunity to trim my hair or beard, and been told to either deal with it or shave it all off with a razor. I'm being subjected to sensory deprevation as the window in the cell is "frosted" which keeps inmates from being able to see outside. I have no safe and easy way to access the top bunk as there are no ladders on the bunks, therefore forcing me to jump up and down several feet. I have brought up all these concerns to the executive staff in charge of SHU Mrs. Sage, Ms. Friff, and Ms. Cottrell and they've refused to address the concerns including refusing

to provide cleaning supplies weekly, something that would bring minimal cost to the institution.

7. Since arriving at FCI Schuylkill my mail on several occasions has been held, sometimes for several days. On one occasion in early September I had several books sent to me by my family from Amazon. I waited several days before submitting a cop-out to Ms. Moyle and after not hearing back I spoke to Mrs. Edgar during mainline who told me that she would look into the issue. Over a week and a half after my books were delivered I was finally given them. On at least one occasion I've received legal mail that was clearly marked as such and to only be opened in the presence of inmate. However not only was the mail not opened in front of me, it had also been read and photocopied. I've subscribed to 6 different magazines that are being delivered to the facility as well as a newspaper however I've never received a single issue despite the companies confirming delivery. On at least two occasions I've had mail that was sent to me however on every occasion I was never provided with a return to sender notice, /returned/refused nor an opportunity to appeal the refusal. On December 8, 2022 I sent legal mail out following FCI Schuylkill procedures in marking it legal mail in the corner of the envelope, allowing the officer to inspect it, and sealing it in front of the officer, I did all this with officer Rowe. On December 13, 2022 I was given a photocopy of the envelope as well as the letter, which means my confidential legal mail was not only not sent out but also opened and read it.

8. On several occasions bugs have been found in my as well as other inmates food. Food Service Administrator Chang and Assistant Food Service Administrator Duncan are aware of this and have refused to do anything about it and continue to send the same food with bugs in it. This has occured on several occasions including December 16, 2022, December 19, 2022, and November 19, 2022.

## IV.    LEGAL CLAIM(S)

You are not required to make legal argument or cite any cases or statutes. However, state what constitutional rights, statutes, or laws you believe were violated by the above actions. If you intend to assert multiple claims, number and set forth each claim in separate paragraphs. Attach additional pages if needed.

1. Defendants Sage, Friff, George, and Brosious acted with deliberate indifference toward Plaintiff Hoar's serious medical need by leaving him in pain despite knowing of his need to be seen and given treatment. Defendants Sage, Friff, George, and Brosious actions violated Plaintiff Hoar's rights under the Eigth Amendment to the United States Constitution and caused Plaintiff Hoar serious pain, suffering, physical injury, and emotional distress.

2. Defendant Kloee violated Plaintiff Hoar's rights under the Eigth Amendment to the United States Constitution and Plaintiff Hoar's right to equal protection under the Fourteenth Amendment to the United States Constitution by refusing Plaintiff Hoar protective custody causing Plaintiff Hoar serious emotional distress and suffering.

3. Defendants Kloee and Sage actions violated Plaintiff Hoar's rights under the Fifth and Eigth Amendments of the United States Constitution and caused by Plaintiff Hoar serious injury as well as suffering and emotional distress.
(See attached)

## V.    INJURY

Describe with specificity what injury, harm, or damages you suffered because of the events described above.

As a result of being denied proper medical care and treatment I suffered serious physical pain and suffering as well as significant emotional and psycological distress and suffering. As
(see attached)

## VI.    RELIEF

State exactly what you want the court to do for you. For example, you may be seeking money damages, you may want the court to order a defendant to do something or stop doing something, or you may be seeking both types of relief. If you are seeking monetary relief, state your request generally. Do not request a specific amount of money.

See Attached

## IV. Legal Claims

4. Defendants Sage, Cottrell, and Friff violated Plaintiff Haar's rights under the First and Fourteenth Amendments of the United States Constitution causing Plaintiff Haar significant injury, suffering, and emotional distress.

5. Defendant Sage violated Plaintiff Haar's rights under the Fifth Amendment of the United States Constitution causing Plaintiff Haar injury as well as significant suffering and emotional distress.

6. Defendants Sage, Friff, Chang, Duncan, and Cottrell violated Plaintiff Haar's rights under the Eigth Amendment of the United States Constitution causing Plaintiff Haar injury as well as significant suffering and emotional distress.

7. Defendant Moyle violated Plaintiff Haar's rights under the First and Fifth Amendments of the United States Constitution causing Plaintiff Haar injury and significant suffering and emotional distress.

Plaintiff Haar has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff Haar has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which Plaintiff seeks.

## V. Injury

a result of the numerous constitutional violations commited by FCI Schuylkill officials I suffered significant injury, as well as significant suffering and emotional distress.

## VI. Relief

' Granting a declaration that the acts and omissions described herein violate his rights under the Constitution of the United States.

' A preliminary and permanent injunction ordering defendants Sage, George, and Brosious to provide any and all necessary care including a functioning migraine medication even if non-formulary

' A preliminary and permanent injunction ordering defendants Kloee and Sage to put in an immediate transfer request for Plaintiff Haar as well as dismiss all disciplinary shots given as a result of requesting protective custody.

' A preliminary and permanent injunction ordering defendants Sage, Friff, and Cottrell to permit all inmates housed in SHU to receive books and magazines from the publisher through the mail as well as permit SHU inmates

to have in person or video visits.

• A preliminary and permanent injunction ordering defendants Sage, Friff, and Cottrell to improve the overall living conditions of the SHU providing proper and adequate mattresses and bedding, unfrosting the windows, proviad inmates cleaning supplies on a weekly basis, as well as provide materials to maintain personal grooming and hygeine and install bunk ladders in all cells.

• A preliminary and permanent injunction ordering defendant [illegible] Moyle to provide a return to sender notice any time any mail to an inmate is rejetted. Provide inmate Haor all mail within 24 hours of arriving at the institution.

• Compensatory damages against each defendant

• Nominal damages and punitive damages against each defendant

• Jury trial on all issues triable by jury

• Recovery of all costs in this suit

• Any additional relief this court deems just, proper, and equitable

## VII.   SIGNATURE

By signing this complaint, you represent to the court that the facts alleged are true to the best of your knowledge and are supported by evidence, that those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.

Local Rule of Court 83.18 requires *pro se* plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing. By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.

Signature of Plaintiff

December 10, 2022

Date

Jeremy Haor
65189509
Federal Correctional Institution Schuylkill
PO Box 759
Minersville, PA 17954



HARRISBURG P&DC 171
FRI 06 JAN 2023 PM

RECEIVED
SCRANTON

JAN 10 2023

PER _____
DEPUTY CLERK

Office of the Clerk
Peter J. Welsh

United States District Court
Middle District of Pennsylvania

235 No. Washington Avenue
PO Box 1148
Scranton, PA 18501

USMS X-RAY

USMS X-RAY

LEGAL MAIL

Legal Mail