IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY MARTIN HAAR, | : | Civil No. 1:23-CV-00041 |
| Plaintiff, | : | |
| v. | : | |
| JESSICA SAGE, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Plaintiff's motion for reconsideration of the court's August 22, 2024 memorandum and order dismissing the amended complaint and closing the case. (Doc. 71.) Additionally, Plaintiff has filed a motion to expedite his motion for reconsideration. (Doc. 80.) Plaintiff's dissatisfaction with the court's order–without more–is not an adequate reason to justify a reconsideration of the order. Therefore, the court will deny Plaintiff's motions.

### PROCEDURAL HISTORY AND BACKGROUND

On January 10, 2023, the court received and docketed a complaint filed by Jeremy Martin Haar ("Plaintiff"). (Doc. 1.) The operative complaint in this matter is the amended complaint filed on August 31, 2023. (Doc. 45.)

On October 30, 2023, Defendants filed a motion to dismiss the amended complaint and, in the alternative, for summary judgment. (Doc. 50.) Following briefing, the court dismissed the Eighth Amendment claim raised pursuant to

1

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) because it presented a new context, and special factors counseled against extending the remedies provided in *Bivens*. (Docs. 68, 69.) The court then closed the case. (Doc. 69.) On August 9, 2024, Plaintiff filed a combination motion for reconsideration and brief in support. (Doc. 71.) On September 30, 2024, Defendants filed a brief in opposition. (Doc. 77.) On December 17, 2024, Plaintiff filed a motion to expedite his motion for reconsideration. (Doc. 80.) The court will now address the pending motions.

## DISCUSSION

Plaintiff's motion for reconsideration argues that the court erred in finding that the alleged facts in his complaint present a new context under *Ziglar v. Abbasi*, 582 U.S. 93, 102 (2020), and presents numerous cases from multiple jurisdictions in support of his assertion. (Doc. 71.)

A court may alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e). *See Keifer v. Reinhart Foodservices, LLC.*, 563 F.App'x 112, 114 (3d Cir. 2014). "A motion under Rule 59(e) is a 'device to relitigate the original issue' decided by the district court, and used to allege legal error." *United States* v. *Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (quoting *Smith v. Evans*, 853 F.2d 155, 158-159 (3d Cir. 1988)). A motion to alter or amend "must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence

not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194,1218 (3d Cir. 1995) (internal quotation marks and brackets omitted); *see also, Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, "motions for reconsideration should not be used to put forward arguments which the movant . . . could have made but neglected to make before judgment." *United States v. Jasin*, 292 F.Supp.2d 670, 677 (E.D. Pa. 2003) (internal quotation marks and alterations omitted) (quoting *Reich v. Compton*, 834 F.Supp.2d 753, 755 (E.D. Pa. 1993) *rev'd in part and aff'd in part on other grounds*, 57 F.3d 270 (3d Cir. 1995)). Nor should they "be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F.Supp.2d 212, 226 (M.D. Pa. 2012) (quoting *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002)).

     Plaintiff's motion cannot succeed under Rule 59(e). Here, Plaintiff is attempting to relitigate the issue of whether or not his Eighth Amendment claim presents a new context under *Ziglar*. All of the arguments and cases cited by Plaintiff in the instant motions were available to him at the time of filing his brief in opposition to the motion to dismiss. (Doc. 71.) In fact, he made this argument

in his brief in opposition. (*See* Doc. 60-1, p. 7.)¹ Additionally, the court specifically addresses this argument in its memorandum. (*See* Doc. 68, pp. 13–15.) Therefore, under *Donegan*, the motion for reconsideration merely presents Plaintiff's disagreement with the court's decision and will be denied.

Because Plaintiff's motion for reconsideration will be denied, his motion to expedite will be denied as moot.

## CONCLUSION

As set forth above, Plaintiff's motion for reconsideration will be denied as it presents nothing more than his disagreement with the court's August 22, 2024 memorandum and order. An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: March 10, 2025

---

¹ For ease of reference, the court uses the page numbers from the CM/ECF header.